BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In Re Air Crash at Muan International
Airport, South Korea on December 29, 2024

MDL No. 3174

**ILLINOIS AND VIRGINIA PLAINTIFFS' OPPOSITION
TO DEFENDANT BOEING'S MOTION TO TRANSFER ACTION
TO NORTHERN DISTRICT OF ILLINOIS FOR COORDINATED
OR CONSOLIDATED PRE-TRIAL PROCEEDINGS**

Those Plaintiffs in the cases currently pending in the Northern District of Illinois ("the Illinois Plaintiffs") and those Plaintiffs in the cases currently pending in the Eastern District of Virginia ("the Virginia Plaintiffs") jointly present this opposition to Defendant Boeing Company's Motion for Transfer of Actions to the Northern District of Illinois.

**An MDL Proceeding Is Not Necessary**

Although undersigned Plaintiffs do not object to an MDL proceeding in this matter, they submit that an assignment of an MDL court and the transfer to such court of all cases properly before two District Courts and arising from this air crash is not necessary. There are only two District Courts with cases arising from this air crash properly before them--the Eastern District of Virginia and the Western District of Washington--and only two law firms representing the Plaintiffs in these cases-- Wisner Law firm and its co-counsel the Law Offices of Daniel D. Barks in Virginia and the Herrmann Law Group in Washington. Counsel for Plaintiffs in these two District Courts have had a long history of coordinating proceedings in international aviation cases, such as these, most recently in *In Re Air Crash into Java Sea on January 9th 2021,* 669 F. Supp. 3d 1368 (JPML 2023), and will readily cooperate and coordinate all pretrial proceedings in the present actions. In

1

fact, Wisner Law firm and the Herrmann Law Group already have had discussions regarding such coordination. [1]

It is important to point out that Plaintiffs in three cases pending before the Northern District of Illinois have filed a well-founded motion to voluntarily dismiss those actions without prejudice. That motion to voluntarily dismiss is fully briefed and pending a decision by the Northern District of Illinois. Upon the Northern District's voluntary dismissal without prejudice (which Plaintiffs respectfully submit is required), these Plaintiffs intend to refile these actions in the Eastern District of Virginia and consolidate these actions with actions brought by the same plaintiffs' counsel on behalf of other plaintiff clients and pending in the Eastern District of Virginia.

### An Assignment Of All Actions To The Northern District Of Illinois Where No Actions Are Properly Pending Would Not Be Appropriate

Plaintiffs in the three Illinois actions filed a straightforward motion to voluntarily dismiss without prejudice pursuant to Rule 41(a)(2). All of the factors supporting a voluntary dismissal without prejudice are present. Plaintiffs have diligently prosecuted these actions. Defendant Boeing does not, and cannot, cite to any delay or lack of diligence on the part of Plaintiffs in seeking a voluntary dismissal. Plaintiffs filed their motion to transfer venue under §1406 ((*Ja v Boeing,* Case No. 1:25-cv-10509 (N.D. Ill.) Dkt. #10), within two weeks of the time Defendant Boeing filed its affirmative defense (*Id.* Dkt. #5), stating that Illinois had no jurisdiction, but refusing to move to dismiss or to move to transfer to Virginia

Then, when Defendant Boeing completely reversed its position and consented to jurisdiction in Illinois (*Id.,* Dkt. # 20), contrary to the representation of Boeing's counsel discussed

---

[1] Defendant Boeing argues that the Panel regularly centralizes this number of cases (Boeing Brief p. 9) However, in *In Rey Ry. Indus. Emp. No Poach Antitrust Litig,* 326 F Supp 3d 1381 (JPML 2018), there were 14 other potentially related actions in three additional districts, while in *In Re Simply Orange Orange Juice Mktg.& Sales Pracs. Litig.,* 867 F. Supp 2d 1344 (JPML 2012), there were four other potential actions in three additional jurisdictions.

below, Plaintiffs promptly filed their motion to voluntarily dismiss (*Id.,* Dkt. #22), within *6 days* of Defendant's objection to Plaintiffs' motion to transfer.

There is no pending motion for summary judgment. Defendant's forum non conveniens motion to dismiss is not a motion for summary judgment and is not even a dispositive motion, as a plaintiff may refile an action in the defendant's proposed alternative forum in the event of a forum non conveniens dismissal in the U.S.

Plaintiffs recognize that defendants, including Boeing, often misuse the *forum non conveniens* defense by seeking to obtain a dismissal in favor of a foreign forum with the expectation that plaintiffs will never pursue an action in its proposed alternative foreign forum, due to the insurmountable inconvenience to plaintiffs, and defendant thereby will avoid ever having to respond to claims of defective defects in its aircraft, such as those of Plaintiffs here.

This is exactly what Defendant Boeing is doing here. It hurriedly and prematurely filed a *form non conveniens* motion to dismiss, hoping to persuade the Illinois Court to grant such a motion when Defendant Boeing well knows a *forum non convenience* motion to dismiss is fact specific and requires discovery, as "each case turns on its facts." *Van Cauwenberghe v Biard,* 486 U.S. 517, 529 (1988). Discovery on this issue is required as a court must "scrutinize the substance of the dispute between the parties to evaluate what proof is required and [to] determine whether the pieces of evidence cited by the parties are critical, or even relevant to the plaintiff's cause of action and to any potential defenses to the action." *Van Cauwenberghe, supra*; *Gupta v. Austrian Airlines,* 211 F.Supp.2d 1078, 1087 (N.D. Ill. 2002) (evidence defendant seeks is not "critical, or even relevant.")

Defendant Boeing has not incurred significant effort and expense in preparing for trial. This action has only recently been commenced, and no discovery has been served. The Illinois cases are not in any way "advanced." Defendant Boeing can assert its Illinois premature *forum non conveniens* motion to dismiss in a subsequent action in any court in any jurisdiction without making any substantive changes or additions and without incurring any real additional expense.

Significantly, the proper comparison between the competing forums in an international case such as this are the United States and Defendant's proposed alternative forum of South Korea, and not between a particular state in the United States, such as Illinois or Virginia and Defendant's proposed alternative forum in another country. In *Mercier v. Sheraton International, Inc.*, 935 F.2d 419 (1st Cir. 1991). Therefore, Defendant Boeing can file essentially the same *forum non conveniens* motion to dismiss in any other court, and it is not prejudiced and will not incur any significant expense.

Plaintiffs have given a sufficient explanation for their motion. These Illinois plaintiffs seek to consolidate the three Illinois actions with actions these plaintiffs' counsel, Wisner Law Firm, through their co-counsel, Law Offices of Daniel D. Barks,[2] have brought on behalf of other clients of these attorneys in the Eastern District of Virginia (the Virginia Plaintiffs) so that all Plaintiffs represented by these counsel may coordinate their efforts.

Boeing states a dismissal is not necessary because it now has made a motion before this Panel for the appointment of the Northern District of Illinois to act as an MDL court. Boeing argues Plaintiffs can coordinate all pretrial matters before the MDL court, and a motion to transfer therefore is not necessary. However, Plaintiffs sought a transfer through their §1406 motion, and Boeing objected, thereby making Plaintiffs' motion for voluntary dismissed without prejudice

---

[2] Floyd A. Wisner of Wisner Law firm will move for pro hac vice admission to the E.D. Va., through attorney Daniel D. Barks.

4

necessary. Further, this is Plaintiffs' case, and Plaintiffs' counsel has the right to bring all actions on behalf of all of their clients before the same court, the Eastern District of Virginia.

There simply is no basis for a denial of Plaintiffs' motion to voluntarily dismiss without prejudice, and Defendant Boeing does not cite to any case where the Panel assigned multidistrict litigation to a court with no related case pending before it.

### **Defendant Boeing Is Not Acting In Good Faith In Moving for A Transfer To Illinois**

Defendant Boeing has made a judgment that its best hope of obtaining a dismissal based on *forum non conveniens* is before the Northern District of Illinois, or as a second choice, the Western District of Washington. Pointedly, Boeing does not even discuss in its Brief the only District, other than the Western District of Washington, which has a case pending before it and arising from this air crash--the Eastern District of Virginia. This is no coincidence. Boeing seeks to avoid at all costs the Eastern District of Virginia which denied Boeing's forum non conveniens motion to dismiss in the latest case brought against Boeing and arising from an international air crash, *In Re Air Crash Into Java Sea on January 9th, 2021,* 669 F.Supp.3d1368 (JPML 2023) *("Sriwijaya Air")*

From the outset of this litigation, Boeing has used every means available to it to keep the Illinois cases in Illinois and avoid the Eastern District of Virginia.

### **Filing and Removal of These Actions**

Plaintiffs initially filed three separate actions in the Circuit Court of Cook County, Illinois. Defendant Boeing removed each of the actions to the U.S. District Court for the Northern District of Illinois (but for some reason not in the order in which they were filed).

**Boeing's Principal Place of Business**

In the earlier international air crash case, *In re Air Crash Into the Java sea on January 9th 2021*, 1:23-MD-03072-AJT-WEF ("Sriwijaya Air") referred to above, Boeing vigorously argued that at the time, most of the cases arising from that air crash were filed, Boeing had moved its headquarters from Illinois to Virginia, and the actions therefore had to be brought in Virginia federal court. After detailed briefing and argument, the Court in *Sriwijaya Air,* ultimately agreed with Boeing and held that Boeing's principal place of business is now in Virginia, and the actions arising from that air crash had to be brought in the federal court in Virginia. In a separate ruling, the U.S. District Court for the Eastern District of Virginia then denied Boeing's *forum non conveniens* motion to dismiss.

**Conversation With Boeing's Counsel Mack Shultz**

After Defendant Boeing removed these actions to this federal court, Plaintiffs' counsel called Mack Shultz, head of aviation litigation for the Seattle law firm of Perkins Coie, the longtime counsel for Defendant Boeing. Plaintiffs' counsel has worked with and known Mr. Shultz for several decades. Plaintiffs' counsel asked Mr. Schultz whether, in view of the decision of the Court in the *Sriwijaya Air* case, Boeing intended to seek a transfer to the U.S. District Court for the Eastern District of Virginia where Boeing now has its principal place of business or intended to litigate these actions before this Illinois court as it did in the Max 8 litigation arising from the crashes of Lion Air JT 610 and Ethiopia Air ET 302 (and in which Boeing did not file a forum non conveniens motion to dismiss). Mr. Schultz stated Boeing was considering this issue.

What is important is what Mr. Schultz did *not* say in this conversation. He did not state that Boeing would take the-never-before-heard-of and inconsistent position that Illinois did not have jurisdiction over Boeing, but Boeing would not move to dismiss the Illinois actions and would not

move to transfer the actions to Virginia, and in fact would object to any attempt by Plaintiffs to transfer the actions to Virginia.

### Plaintiffs' Motion to Transfer

However, this is *exactly* what Boeing did. It subsequently asserted in its affirmative defense (*Ja v Boeing,* Case No. 1:25-cv-10509 (N.D. Ill., Dkt. #5) that this Illinois court does not have personal jurisdiction over it, as its principal place of business is in Virginia. However, Boeing did not move to dismiss the Illinois actions, and it would neither agree to jurisdiction in Illinois nor move to transfer the actions to Virginia.

Plaintiffs therefore filed a motion to transfer pursuant to section 1406 (*Id.,* Dkt #10) to transfer these actions to the proper venue in Virgina. Plaintiffs advised the Court that Defendant claimed this Illinois court did not have jurisdiction over it, but Defendant would neither move to dismiss the Illinois actions nor transfer those actions to Virginia. Plaintiffs argued that under these facts the appropriate remedy is a transfer to the federal court in Virginia.

### Conversation With Boeing's Counsel Patrick Clyder

In response to Plaintiffs' motion to transfer these actions under §1406, Plaintiffs' counsel received a request from Boeing's counsel Patrick Clyder, who Plaintiffs' counsel also knows very well, for an extension of time of four weeks to respond to Plaintiffs' motion. Plaintiff' counsel called Mr. Clyder and had a conversation about this request. Specifically, Plaintiffs' counsel stated he was very skeptical about the reason for Boeing's request. Plaintiffs' counsel asked Mr. Clyder why Boeing possibly would need 4 weeks to respond to a simple motion to transfer. Plaintiffs' counsel asked Mr. Clyder whether Boeing intended to use this time to prepare and file a *form non convenience* motion to dismiss and then ask this Court to decide that *forum non conveniens* motion to dismiss before even deciding Plaintiffs' motion to transfer.

Mr. Clyder responded that he did not know of any such intent by Boeing and that he did not know whether such a procedural ploy was even allowed. Rather, he stated he needed the four-week extension simply because of the press of other business. As a courtesy to Mr. Clyder, Plaintiffs' counsel agreed not to oppose the request for the four-week extension.

**Boeing's Objections To Plaintiffs' Motion to Transfer**

Boeing then did exactly what Plaintiffs' counsel suspected, but which Boeing's attorney Mr. Clyder assured Plaintiffs' counsel was not Boeing's intent.[3] Boeing filed a *forum non convenience* motion to dismiss (*Id.,* Dkt. #16) and objected to Plaintiffs' motion to transfer (*Id.,* Dkt. #20). Boeing completely changed its position from its affirmative defenses (*Id.,* Dkt. #5) and now stated it consents to jurisdiction in the federal court in Illinois.

Plaintiffs then filed a motion to voluntarily dismiss without prejudice. Boeing moves the Panel for the appointment of the Illinois court as part of its continuing strategy to obtain a favorable ruling on its *forum non conveniens* motion and avoid a decision by the Eastern District of Virginia.

**Other Factors Do Not Support A Transfer To Illinois**

In addition to the fact that the three Illinois cases should be dismissed without prejudice such that there should be no case pending in Illinois, there are other factors which weigh against a transfer to Illinois:

1. The Illinois cases are not more advanced. Boeing has answered the Illinois cases but has also answered the Washington cases. Boeing has chosen to not yet answer the Virginia cases. No discovery has been served in any of the cases.

2. Undersigned counsel is aware of all U.S. law firms who are, or have been to date, in communication with families of victims of this air crash. In addition to undersigned

---

[3] Plaintiffs' counsel believes it was Boeing, and not its attorney Mr. Clyder, who made the decision to take this action in contradiction of Mr. Clyder's representations.

8

counsel and the Herrmann Law Group, there is one other U.S. law firm representing approximately 30 victims of this air crash. Counsel for the undersigned Plaintiffs, Floyd A. Wisner, has spoken with counsel representing these additional victims. That counsel has stated that it will *not* file any action for its clients in Illinois.

3. The undersigned counsel, Wisner Law Firm, has received inquiries about possibly representing additional families of victims of this air crash. If undersigned counsel represents additional families of victims of this air crash, they will not file lawsuits on behalf of any additional clients in Illinois.

4. In the most recent MDL cases in the Northern District of Illinois arising from international air crashes, Defendant Boeing chose not to file a forum non conveniens motion to dismiss. *In Re Lion Air Flight JT610 Crash,* No. 18-7686 (N.D. Ill. November 19, 2018); *In Re Ethiopian Airlines Flight ET 302 crash*, No.19 -2170 N. D. Ill., March 28th, 2019). The most recent Illinois MDL cases arising from an international air crash case and involving a *forum non conveniens* motion to dismiss are over 16 years old.

5. The E.D. Va. Court is located in Alexandria, VA, minutes from the Washington, D.C. airports and from Boeing's world headquarters in Arlington, Virginia. The Illinois court in Chicago is not more accessible for either the Virginia Defendant Boeing or the South Korean plaintiffs.

## CONCLUSION

For the reasons stated, the undersigned Plaintiffs object to Defendant Boeing's motion to transfer all cases to the Northern District of Illinois, which should have no cases arising from this air crash pending before it after the appropriate voluntary dismissal of the currently pending cases.

If the Panel determines that an MDL court should be appointed, undersigned counsel propose assignment of all cases to the U.S. District Court for the Eastern District of Virginia for coordinated pre-trial proceedings.

This 11th day of December 2025.

Respectfully Submitted,

*/s/ Floyd A. Wisner*
Floyd A. Wisner, IL Bar No.: 3048713
**Wisner Law Firm, P.C.**
181 W. Madison St., Ste. 4700
Chicago, Illinois 60602
faw@wisner-law.com
Phone: 312-216-5168

*Counsel for Illinois Plaintiffs*

and

*/s/ Daniel D. Barks*
Daniel D. Barks, Esq., (VA # 42573)
***The Law Offices of Daniel D. Barks***
1750 Tysons Blvd., Ste. 1500
PMB #41
McLean, VA 22102
(703) 472-0215
ddb@barks-law.com

*Counsel for Virginia Plaintiffs*