**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In Re Air crash at Muan International Airport, South Korea on December 29, 2024 | MDL-3174 |

**Reply Brief in Support of Motion for Transfer of Actions to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings**

The Boeing Company ("Boeing") has moved this Panel for transfer, pursuant to 28 U.S.C. § 1407, of seven actions arising out of the December 29, 2024, crash of Jeju Air Flight 7C2216. Those seven actions are currently pending in three different federal district courts: the Northern District of Illinois, the Western District of Washington, and the Eastern District of Virginia. Boeing's motion and accompanying brief explained in detail how the actions all share common questions of fact, and how centralization would promote the just and efficient conduct of this litigation by preventing inconsistent resolution of common factual and legal issues, eliminating duplicative discovery, and conserving judicial resources.

No plaintiff meaningfully disputes the propriety of transfer. The plaintiffs in the *Park* action (the "Washington Plaintiffs") agree that transfer is appropriate. And although the plaintiffs in the *Ja*, *Hye*, and *Yang* actions (the "Illinois Plaintiffs") and the *Re*, *Jun*, and *Cheol* actions (the "Virginia Plaintiffs") erroneously believe that transfer is unnecessary, they do not oppose transfer.

Instead, the parties disagree primarily about the appropriate transferee court. Boeing maintains that the Northern District of Illinois, where the first-filed and most advanced actions are,

- 1 -

is best suited to oversee the litigation. Boeing also offers, in the alternative, that the actions could be transferred to the Western District of Washington. The Washington Plaintiffs would prefer to remain in Washington, the location of the only U.S.-based evidence and where the families of the majority of decedents chose to file. The Illinois and Virginia Plaintiffs advocate for the Eastern District of Virginia, where Boeing's corporate headquarters are located but which otherwise has no material connection to these actions.

The Panel should grant Boeing's motion and centralize these actions in the Northern District of Illinois. Alternatively, these actions should be transferred to the Western District of Washington.

## I.    There is no real dispute that the Panel should transfer these actions.

Section 1407 allows the Panel to transfer actions for coordinated or consolidated pretrial proceedings when it determines that such transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C.§ 1407(a). Boeing's opening brief explained why the statutory factors are met here. *See generally* ECF No. 1-1. The Washington Plaintiffs agree. ECF No. 10 at 1, 4–5. And the Illinois and Virginia Plaintiffs do not object. ECF No. 9 at 1–2; *see also* Pls.' Reply in Support of Mot. to Voluntarily Dismiss, *Ja v. The Boeing Co.*, No. 25-cv-10509 (N.D. Ill. Nov. 20, 2025), ECF No. 27 at 14 (Plaintiffs "agree to the creation of an MDL court.").

Although the Illinois and Virginia Plaintiffs do not object to transfer, they erroneously suggest that centralization is unnecessary. But the Panel has found that, for actions arising from aircraft accidents, "centralization under Section 1407 is more suitable than informal coordination." *In re: Air Crash at Georgetown, Guyana, on July 30, 2011*, 895 F. Supp. 2d 1355, 1357 (J.P.M.L. 2012). Indeed, Plaintiffs' sole example of past "informal" coordination arose in the context of another Multidistrict Litigation ("MDL"). *See* ECF No. 9 at 1 (citing *In re Air Crash Into the Java*

*Sea on January 9th, 2021*, 669 F. Supp. 3d 1368 (J.P.M.L. 2023) ("*Java Sea Air Crash*")). There too the Panel "disagree[d]" that "alternatives to centralization such as informal coordination and transfer under Section 1404 are practicable and preferable to centralization." *Java Sea Air Crash*, 669 F. Supp. 3d at 1370–71. The Panel explained that "aviation disaster litigation involving foreign countries often is unusually complex – as it is here – and thus may warrant centralization even though few districts are involved." *Id*. at 1371. The Illinois Plaintiffs' commitment to informally "cooperate and coordinate" cannot bind Washington Plaintiffs, much less the judges assigned to these actions. And the Eastern District of Virginia famously imposes an accelerated pretrial schedule, making such coordination across venues even more difficult. [1]

The Illinois and Virginia Plaintiffs also argue that transfer by this Panel is unnecessary because the Illinois Plaintiffs are seeking to dismiss their actions and refile in Virginia. But even if they are successful in doing so, centralization would remain appropriate and necessary, as there would still be seven actions pending in two different districts. *See, e.g.*, *In re Helicopter Crash Near Wendle Creek, British Columbia on August 8, 2002*, 350 F. Supp. 2d 1358, 1359 (J.P.M.L.

---

[1] The Panel instructed the parties to also address transfer under Section 1404 as an alternative to centralization. ECF No. 3. There is no "reasonable prospect" of transfer under Section 1404 that would "eliminate the multidistrict character of a litigation." *In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, 619 F.Supp.3d 1349, 1350–51 (J.P.M.L. 2022). That is true for at least three reasons. First, only one Plaintiff has requested a transfer (from Illinois to Virginia), and that request involves only one of the three actions pending in Illinois. Even if the other Illinois Plaintiffs followed suit and their motions were granted, there would still be actions pending in two different districts: the Western District of Washington and Eastern District of Virginia. Second, the Plaintiffs disagree on the proper forum for an MDL, so there is no reason to believe they would agree to a transfer to the same district. Third, additional actions are likely to be filed, though it is unclear where. *See* ECF No. 9 at 9. It would be burdensome and impractical to continue filing Section 1404 motions if those actions are filed in a district other than the one selected for transfer pursuant to Section 1404. As is typical for complex aviation accident litigation, Section 1404 is an inadequate alternative here to Section 1407. *See Java Sea Air Crash*, 669 F. Supp. 3d at 1370–71.

2004) (ordering centralization where two districts had two actions each).[2] Further, Plaintiffs concede that additional actions related to this accident will likely be filed, making an MDL even more necessary. *See* ECF No. 9 at 9 (representing that an unnamed law firm will file additional actions on behalf of 30 additional decedents in an unknown jurisdiction). Informal cooperation cannot achieve the level of coordination that Section 1407 provides. *See Java Sea Air Crash*, 669 F. Supp. 3d at 1370–71.

Moreover, even if the parties could informally coordinate as to some issues, the problem of inconsistent rulings would remain. *See In re Air Crash over the S. Indian Ocean, on March 8, 2014*, 190 F. Supp. 3d 1358, 1359-60 (J.P.M.L. 2016) ("*Indian Ocean Air Crash*") (listing the prevention of "inconsistent pretrial rulings" as one of the virtues of centralization under Section 1407). For example, the Illinois and Virginia Plaintiffs erroneously argue that the caselaw regarding *forum non conveniens* is more favorable in some jurisdictions. ECF No. 9 at 5. While Boeing disagrees, as *forum non conveniens* dismissal is required in these cases by the straightforward application of *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), Plaintiffs' claim highlights how a failure to centralize these actions would risk divergent resolution of the *forum non conveniens* issue—not to mention any number of other issues—in nearly identical actions. Transfer under Section 1407 would eliminate that risk.

## II.    The Northern District of Illinois is the proper transferee court.

As outlined in Boeing's opening brief, the relevant factors favor the Northern District of Illinois as the proper transferee court. ECF No. 1-1 at 13–17. That court has the first-filed and most

---

[2] *See also In re: Air Crash Near Rio Grande, Puerto Rico, On December 3, 2008*, 787 F. Supp. 2d 1361, 1362 & n.1 (J.P.M.L. 2011) (ordering centralization where four actions were pending in one district and one action was pending in another, with a potential tag along action in one of the districts); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3863 & nn.40–41 (4th ed. 2025) ("[A]s few as two cases may warrant multidistrict treatment." (internal quotation mark and footnotes omitted)).

advanced actions, it has the capacity and judicial expertise to handle these actions, and it is geographically central. *Id.* None of Plaintiffs' arguments alter the weight of those factors.

The Washington Plaintiffs make four arguments against selecting the Northern District of Illinois as the transferee court, none of which are persuasive. First, they observe that none of the relevant witnesses are in Illinois. ECF No. 10 at 2. That is true. But the Western District of Washington is not much better, as most liability witnesses and all damages witnesses are in South Korea beyond any U.S. court's subpoena power. *See* Def.'s Mot. to Dismiss on Grounds of *Forum Non Conveniens*, *Ja v. The Boeing Co.*, No. 25-cv-10509 (N.D. Ill. Oct. 14, 2025), ECF No. 16 at 8–10.

Second, Washington Plaintiffs note that Boeing argued in its *forum non conveniens* motion that these actions would not be conveniently litigated in Illinois. But the same is true of Washington and Virginia. *See generally id.* at 8–15. The issue of *forum non conveniens* must be adjudicated somewhere in the United States before these actions can be dismissed in favor of the only convenient and appropriate forum, South Korea. The Northern District of Illinois is the most central of the three existing domestic forums and is well equipped to handle that threshold issue. *See In re Crash near Medan, Indonesia, on September 5, 2005*, 544 F. Supp. 2d 1379, 1380–81 (J.P.M.L. 2008) ("[T]he Northern District of Illinois is a geographically central forum . . . ."); *e.g. Clerides v. Boeing Co.*, 534 F.3d 623, 628–30 (7th Cir. 2008) (providing guidance to Northern District of Illinois courts on the application of *forum non conveniens* to foreign aviation accidents).

Third, Washington Plaintiffs emphasize the possibility that a transferee judge will have to apply the Washington Product Liability Act, Wash. Rev. Code § 7.72 *et seq.* Even if that were true, it is "within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state." *In re*

*Insulin Pricing Litig.*, 688 F. Supp. 3d 1372, 1375 (J.P.M.L. 2023) (citation omitted).[3] If these actions make it past the *forum non conveniens* stage, the transferee court may have to apply the laws of different jurisdictions. In any event, no choice-of-law analysis has yet been conducted and the outcome of that analysis depends on many considerations.  It is premature to determine that the Western District of Washington is the proper transferee court simply because Washington law may, at some future date, be determined to apply.

Fourth, Washington Plaintiffs discount the importance of the Illinois actions being the first filed and most advanced given the pending motions to dismiss. But they cite no support to diminish the weight of this factor on that basis. *Cf. In re Genentech Herceptin (trastuzumab) Mktg. & Sales Pracs. Litig.*, 178 F. Supp. 3d 1374, 1376 (J.P.M.L. 2016) (favoring, without qualification, the district with the "first-filed and most procedurally advanced action").

The Illinois and Virginia Plaintiffs' arguments against selecting the Northern District of Illinois as a transferee court are even less convincing. They parrot the arguments they made in the Northern District of Illinois in support of their motions to dismiss, but those arguments have no bearing on the factors for choosing a transferee court. They also baselessly accuse Boeing of bad faith but provide no evidence to support that claim. Nor could they; they cannot credibly argue that Boeing is acting in bad faith by attempting to centralize these actions in the jurisdiction where the Illinois Plaintiffs initially chose to file. In any event, while Boeing disagrees with Plaintiffs' various arguments regarding the merits of their motion to dismiss and their allegations of bad faith, those arguments are irrelevant to this motion and Boeing will not further respond to them here.

---

[3] Boeing takes no position on choice of law issues at this time except to note that South Korean law will govern some or all aspects of Plaintiffs' claims.

Turning to issues that are relevant to the MDL analysis, the Illinois and Virginia Plaintiffs assume that their motion to dismiss the Illinois actions will be granted and observe that Boeing "does not cite to any case where the Panel assigned multidistrict litigation to a court with no related case pending before it." ECF No. 9 at 5. Of course, the motion to dismiss does not change the fact that three actions *are* pending before the Northern District of Illinois. But even if they were not, that fact would not preclude assignment to that court. *See, e.g.*, *In re Operation of the Mo. River Sys. Litig.*, 277 F. Supp. 2d 1378, 1378–79 (J.P.M.L. 2003) (consolidating actions in the District of Minnesota, which had no pending actions, in part because it was an "accessible and geographically convenient district equipped with the resources that this complex docket is likely to require").[4]

The Illinois and Virginia Plaintiffs also claim that other attorneys may file actions outside Illinois. While that possibility supports the creation of an MDL, *see, e.g.*, *Indian Ocean Air Crash*, 190 F. Supp. 3d at 1360 n.2, Plaintiffs cite no instances in which the Panel has considered a bare assertion that additional actions will be filed somewhere else when selecting a transferee court.

Finally, the Illinois and Virginia Plaintiffs observe that Boeing did not file a motion to dismiss on grounds of *forum non conveniens* in recent litigation arising from two other accidents that was pending in the Northern District of Illinois and argue that means that the Northern District of Illinois does not have recent experience with MDLs involving *forum non conveniens* motions. *See* ECF No. 9 at 9 (citing *In re Lion Air Flight JT610 Crash*, N.D. Ill. No. 18-cv-07686; *In re*

---

[4] *See also In re Sw. Life Ins. Co. Sales Practices Litig.*, 268 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) ("Even though no constituent action is currently pending in the Northern District of Texas, we are persuaded that this district is an appropriate transferee forum for this litigation."); *In re Swine Flu Immunization Prods. Liab. Litig.*, 446 F. Supp. 244, 245, 247 (J.P.M.L. 1978) (selecting a transferee district that did not preside over any of the 26 actions pending in 17 other districts).

*Ethiopian Airlines Flight ET 302 Crash*, N.D. Ill. No. 19-cv-02170).[5] This is wrong. First, the Northern District of Illinois has a long and distinguished record as an MDL transferee court. *See* ECF No. 1–1 at 15–16 n.8 (collecting 17 MDLs assigned to the Northern District of Illinois over the last decade, and six stemming from aviation accidents). Second, the Northern District of Illinois has extensive experience analyzing *forum non conveniens*, *e.g. Sika Corp. v. Hoefflin*, No. 23-cv-1464, 2025 WL 843770 (N.D. Ill. Mar. 17, 2025), including in aviation accident MDLs, *In re Air Crash Near Athens, Greece on August 14, 2005*, 479 F. Supp. 2d 792 (N.D. Ill. 2007). The *Lion Air* and *Ethiopian Airlines* matters only further highlight the Northern District of Illinois' broad experience overseeing litigation related to aviation accidents, notwithstanding the fact that *forum non conveniens* was not litigated in those actions.

## III. Alternatively, Boeing agrees with the Washington Plaintiffs that the Western District of Washington would be an acceptable transferee court.

Although Boeing maintains that the Northern District of Illinois is the most appropriate transferee court, it recognizes that the Western District of Washington is also appropriate. The relevant domestic liability witnesses are in the Western District of Washington, a majority of plaintiffs brought their claims there, and reaching Seattle from South Korea is marginally easier than travelling to Chicago or Eastern Virginia.

Meanwhile, the Illinois and Virginia Plaintiffs stand alone in their preference for the Eastern District of Virginia, and they do little to ground that proclivity in the factors the Panel considers when selecting a transferee court. They do not make any substantive argument against the Western District of Washington as a proper transferee court. Instead, they argue that Virginia is the proper transferee court because it is the location of Boeing's headquarters and it is near a major airport. ECF No. 9 at 9. But the site of Boeing's headquarters is irrelevant, as none of its

---

[5] Contrary to Plaintiffs' representation, neither of these litigations were MDLs.

witnesses are in Virginia. *See* Decl. of Stella Weidner in Supp. of Def.'s Mot. to Dismiss on Grounds of *Forum Non Conveniens*, *Ja v. The Boeing Co.*, No. 25-cv-10509 (N.D. Ill. Oct. 14, 2025), ECF No. 17 ¶¶ 18–20. And all three potential fora are near major international airports with direct flights to South Korea.

The Illinois and Virginia Plaintiffs also baselessly accuse Boeing of seeking to avoid the Eastern District of Virginia because that court denied its motion to dismiss on grounds of *forum non conveniens* in a different MDL. *See* ECF No. 9 at 5 (citing *Java Sea Air Crash*). To start, Boeing disagrees that the case law in the Eastern District of Virginia on *forum non conveniens* is meaningfully different. All federal courts are bound by *Piper* and its progeny. *See, e.g., Clerides*, 534 F.3d at 627–30 (citing *Piper* throughout *forum non conveniens* analysis); *Jiali Tang v. Synutra Int'l, Inc.*, 656 F.3d 242, 248–53 (4th Cir. 2011) (same); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142–48 (9th Cir. 2001) (same). Dismissal is appropriate here, regardless of which transferee court is selected. But even accepting the Illinois and Virgina Plaintiffs' premise, the Panel has "long held that the prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contentions are simply not factors considered by the Panel in determining whether and to where transfer under Section 1407 is appropriate." *In re Mary & Devi Nampiaparampil Litig.*, 776 F. Supp. 3d 1360, 1362 (J.P.M.L. 2025) (internal quotation marks and alterations omitted).

## CONCLUSION

For these reasons as well as those stated in its initial motion to transfer and brief in support, Boeing respectfully requests that the Panel centralize the Jeju Air Flight 7C2216 litigation in the Northern District of Illinois, or alternatively, the Western District of Washington.

Dated:  December 18, 2025            **PERKINS COIE LLP**

By: *<ins>/s/ Mack H. Shultz, Jr.</ins>*
    Mack H. Shultz, WSBA No. 27190
    MShultz@perkinscoie.com
    **Perkins Coie LLP**
    1301 Second Avenue, Suite 4200
    Seattle, Washington 98101-3804
    Telephone +1.206.359.8000
    Facsimile +1.206.359.9000

*Attorney for The Boeing Company*