UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: AIR CRASH AT MUAN INTERNATIONAL
AIRPORT, SOUTH KOREA ON DECEMBER 29, 2024　　　　　　MDL No. 3174


**TRANSFER ORDER**


**Before the Panel**:* Defendant The Boeing Company moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois or, alternatively, in the Western District of Washington. This litigation consists of seven actions pending in three districts, as listed on Schedule A. Plaintiffs support centralization in either the Eastern District of Virginia or the Western District of Washington.[1]

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from the crash landing of Jeju Air Flight 7C2216 at Muan International Airport in South Korea on December 29, 2024. Plaintiffs in each action assert wrongful death and survival claims against Boeing, the manufacturer of the accident aircraft. Centralization will eliminate duplicative discovery, particularly with respect to potential international discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Although all plaintiffs now support centralization, the Illinois and Virginia plaintiffs in their brief suggested that it may be possible for the parties and involved courts to informally coordinate with one another. We are not persuaded that such coordination is preferable to centralization in this instance. The actions are pending in three districts spanning the continental United States. Even with coordination, there is a risk of conflicting pretrial rulings and schedules. Moreover, aviation disaster litigation involving foreign countries often is unusually complex and thus may warrant centralization even though few districts are involved. *See, e.g.*, *In re Air Crash at Georgetown, Guyana, on July 30, 2011*, 895 F. Supp. 2d 1355 (J.P.M.L. 2012) (centralizing three actions pending in two districts).

---

* Judges Karen K. Caldwell, Matthew F. Kennelly, and David C. Norton did not participate in the decision of this matter.

[1] Although the Illinois and Virginia defendants stated only support for the Eastern District of Virginia in their brief, at oral argument counsel indicated support for the Western District of Washington as an alternative venue for this litigation.

- 2 -

The Western District of Washington is an appropriate transferee district for this litigation. The accident aircraft was manufactured in this district, and many of the witnesses relevant to this litigation, including Boeing employees involved in the crash investigation, are located in Washington. All parties support centralization in this district, either in the first instance or in the alternative. The Western District of Washington also presents a convenient forum for this litigation, which will involve witnesses and plaintiffs from South Korea. We assign this litigation to Judge James L. Robart, an able jurist with multidistrict litigation experience. We are confident that he will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Washington are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable James L. Robart for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Nathaniel M. Gorton
Acting Chair

Roger T. Benitez         Dale A. Kimball
Madeline Cox Arleo

**IN RE: AIR CRASH AT MUAN INTERNATIONAL
AIRPORT, SOUTH KOREA ON DECEMBER 29, 2024**                               MDL No. 3174

## SCHEDULE A

<u>Northern District of Illinois</u>

LEE MYUNG JA v. THE BOEING COMPANY, C.A. No. 1:25−10509
KIM DA HYE v. THE BOEING COMPANY, C.A. No. 1:25−10512
KANG SEUNG YANG v. THE BOEING COMPANY, C.A. No. 1:25−10513

<u>Eastern District of Virginia</u>

CHOI MAK RE v. THE BOEING CO., C.A. No. 1:25−01876
BAE HYUN JUN v. THE BOEING CO., C.A. No. 1:25−01881
KIM SUNG CHEOL v. THE BOEING CO., C.A. No. 1:25−01883

<u>Western District of Washington</u>

PARK SOO-YONG, ET AL. v. THE BOEING COMPANY, C.A. No. 2:25−02204